UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **OHIO SECURITY INSURANCE COMPANY,**  Plaintiff,  VS.  **RESOURCEFUL SOLUTIONS 3, LLC; COREY MONTREZ HARRIS; ALICIA JOHNSON, as personal representative for the ESTATE OF GREGORY JOHNSON,**  Defendants. | Case No: _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Ohio Security Insurance Company ("Ohio Security"), by and through its undersigned counsel, files this Complaint for Declaratory Judgment against Resourceful Solutions 3, LLC ("Resourceful"), Corey Montrez Harris ("Mr. Harris"), and Alicia Johnson, as personal representative for the Estate of Gregory Johnson (the "Estate," collectively with Resourceful and Mr. Harris, the "Defendants"), and shows the Court as follows:

## NATURE OF ACTION

1. Ohio Security brings this action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202 for a declaration regarding the parties' rights and obligations under a Commercial General Liability Policy No.

BLS (20) 60 24 01 70 issued to Resourceful (the "Policy"). Resourceful seeks coverage under the Policy for a state court lawsuit filed against it arising out of an alleged altercation at Marino's Market Ensley ("Marino's") between Mr. Harris, while allegedly working as an armed security guard employed by Resourceful, and Gregory Johnson (hereinafter collectively the "Underlying Lawsuit"). But when applying for the Policy, Resourceful misrepresented to Ohio Security that it was in the business of interior renovations only, and omitted that it performed security guard services, armed or otherwise. Resourceful's misrepresentations and omissions were material to the risk of loss, and Ohio Security would not have issued the Policy at all or on the same terms if it had known about Resourceful's security guard services. Ohio Security therefore seeks a declaration that the Policy is void based upon materials misrepresentations and omissions made by Resourceful in its policy application and application process regarding the nature of its business and whether it had any other business interests or activities.

## THE PARTIES

2.     Ohio Security is a New Hampshire company with its principal place of business in Massachusetts.

3.     Resourceful is an Alabama limited liability company with its principal place of business in Montgomery, Alabama. Upon information and belief, all downstream members of Resourceful are Alabama citizens.

4. Upon information and belief, Mr. Harris is a citizen of Alabama.

5. Upon information and belief, the Estate is a citizen of Alabama.

## JURISDICTION AND VENUE

6. Ohio Security and Defendants are citizens of different states. As more fully set out below, the matter in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs. Thus, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

7. This Court has jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration" pursuant to 29 U.S.C. §§ 2201 and 2202. An actual and ripe controversy has arisen between the parties regarding any coverage owed under the Policy.

8. A substantial part of the events, acts, and omissions giving rise to this controversy occurred in this judicial district. Thus, this Court is the proper venue pursuant to 28 U.S.C. § 1391.

## BACKGROUND

9. Resourceful first applied for general liability coverage with Ohio Security in 2018.

10. Janice Harris (aka Janice Woodson) ("Woodson") submitted the application on Resourceful's behalf through an online broker, Insureon.

11. In the 2018 application Woodson represented that Resourceful was in the business of interior construction.

12. Woodson represented, among other things, that Resourceful did not perform any work unrelated to interior construction and that 100% of its operations came from residential remodeling/renovation work.

13. For its premium basis, Woodson identified $36,600 in revenue/exposure under "Carpentry – Interior" and $10,000 under "Contractors-Subcontr Work-Construction/Repair-Builders NOC."

14. Based on these representations in Resourceful's 2018 application Ohio Security issued Resourceful Commercial General Liability Policy No. BLS58680092 for the March 29, 2018 to March 29, 2019 policy period (the "2018 Policy").

15. The 2018 Policy was cancelled prior to its expiration due to non-payment on January 22, 2019.

16. In August 2019, Woodson contacted Ohio Security's service center about the status of Resourceful's coverage. Ohio Security informed Woodson that the 2018 Policy could not be reinstated but that she could apply for a policy re-write with Ohio Security.

17. Woodson elected to pursue a policy re-write with Ohio Security on Resourceful's behalf and proceeded to confirm the information previously supplied

to Ohio Security in Resourceful's 2018 application about the nature of Resourceful's business.

18. Woodson represented to Ohio Security that Resourceful's "Nature of Business/Description of Operations" was "interior renovations." And when asked "[a]re there any other business interests or activities of the named insured that are not identified or scheduled on this policy," Woodson answered "No."

19. Woodson also represented to Ohio Security that the classification of Resourceful's interior renovation business was painting and dry wall or wallboard installation and that it had no employees.

20. Based on these representations in Resourceful's 2019 re-write application Ohio Security issued Resourceful the Policy for the August 19, 2019 to August 19, 2020 policy period.

21. The "Named Insured Business" was listed on the first page of the Policy Declarations as "Renovations Interior."

22. The Policy Declarations also identified Resourceful's classification codes as "Dry Wall or Wallboard Installation," "Painting – Interior – Builders or Structures," and "Contractors – Subcontracted Work – In Connection With Construction, Repair or Erection Of Buildings NOC."

23. Through the Policy's Commercial Liability Conditions, Resourceful represented that, by accepting the Policy, it agreed that these statements in the

Policy Declarations are accurate and complete; that these statements are based on representations Resourceful made to Ohio Security; and that Ohio Security issued the Policy in reliance on these representations.

> **6. Representations**
>
> By accepting this policy, you agree:
>
> a. The statements in the Declarations are accurate and complete;
>
> b. Those statements are based upon representations you made to us; and
>
> c. We have issued this policy in reliance upon your representations.

24. Unbeknownst to Ohio Security, at the time Resourceful applied for the Policy, it had an active security license from the Alabama Security Regulatory Board and was actively engaged in providing armed security guard services to third-parties, including Marino's.

25. At no point did Woodson, or anyone else on Resourceful's behalf, inform Ohio Security that Resourceful provided security guard services, armed or otherwise, as part of its business.

26. Ohio Security would not have issued the Policy at all or on the same terms if it had known that that Resourceful provided security guard services, armed or otherwise, as part of its business.

27. On or about May 8, 2020, the Estate filed the Underlying Lawsuit against Harris and Marino's. The Estate subsequently filed an Amended Complaint on or about July 20, 2020, naming Resourceful as a defendant.

28. The Estate alleges that there was a physical confrontation between Harris and Gregory Johnson at Marino's on or about April 16, and that Harris asphyxiated Johnson resulting in his death.

29. The Estate further alleges that, at the time of the altercation, Harris was working as an armed security officer for Marino's, that he was employed by Resourceful to provide such security guard services to Marino's, and that he was acting within the line and scope of his employment for Resourceful.

30. Based on these allegations, the Estate brings claims for negligence/wantonness, respondeat superior, negligent/wanton hiring, training, supervision, and retention, and wrongful death against Harris and Resourceful.

## COUNT I

### DECLARATORY JUDGMENT BASED ON MISREPRESENTATIONS AND OMISSIONS IN THE POLICY APPLICATION

31. Ohio Security repeats and incorporates the allegations contained in all prior paragraphs of the Complaint as though fully set forth herein.

32. Prior to issuing the Policy, Ohio Security requested that Resourceful disclose relevant and material information about the nature of its business, the

classification of its business, and whether Resourceful had any other business interests or activities.

33. In response, Resourceful disclosed that the nature of its business was interior renovations, the classification was painting and drywall installation, and that it did not have any other business interest or activities.

34. Resourceful's representations were false given that Resourceful had a security license from the Alabama Security Regulatory Board and provided security guards to Marino's.

35. Resourceful therefore made misrepresentations and omissions in its application for the Policy.

36. Such misrepresentations and omissions were material to the risk of loss, and Ohio Security would not have issued the Policy at all or on the same terms if it had known about Resourceful's other business interests, including but not limited to, it's security guard services.

37. As a result of Resourceful's misrepresentations and omissions, the Policy is void under its plain terms, and Ohio Security is entitled to rescind the Policy under Alabama Code § 6-5-100, *et seq*. and/or Alabama Code § 27-14-7(a).

38. Ohio Security is entitled to a judicial declaration stating that: (a) the Policy did not take effect due to the misrepresentations and omissions in the Policy Application, (b) the Policy is void as a result of the misrepresentations and

omissions, and (c) that Ohio Security has no duty to defend and/or indemnify Resourceful or Harris in connection with the Underlying Lawsuit.

## **RELIEF REQUESTED**

WHEREFORE, Ohio Security respectfully asks for the following relief:

A. A declaration that the Policy is void and that Ohio Security is entitled to rescind the Policy;

B. A declaration that Ohio Security has no duty to defend and/or indemnify Resourceful or Harris in connection with the Underlying Lawsuit; and

C. Such other, further, or different relief to which Ohio Security may be entitled.

Respectfully submitted this 12th day of May, 2021.

                          Respectfully submitted,

                          */s/ Joshua B. Baker*
                          Joshua B. Baker
                          Joshua R. Hess
                          Maynard, Cooper & Gale, P.C.
                          1901 Sixth Avenue North, Suite 1700
                          Birmingham, Alabama 35203
                          Phone: (205) 254-1000
                          Fax: (205) 254-1999
                          jbaker@maynardcooper.com
                          jhess@maynardcooper.com
                          *Attorneys for Ohio Security Insurance Company*

**THE PLAINTIFF REQUESTS SERVICE OF THE DEFENDANTS VIA CERTIFIED MAIL TO THE FOLLOWING:**

Resourceful Solutions 3, LLC
c/o Registered Agent Cory Marshall
955 Wellington Street
Mobile, AL 36617

Corey Montrez Harris
4313 Richard M. Scrushy Parkway
Fairfield, AL 35064

Alicia Johnson, as personal representative for the Estate of Gregory Johnson
c/o Sara L. Williams
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222